**Fredy Rolando MARTINEZ–GOMEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73205.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2011.*

Filed May 3, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tiffani Suzanne Sharp, Esquire, Tiffani S. Sharp, Attorney at Law, Sacramento, CA, for Petitioner.

Stephen J. Flynn, Assistant Director, Kiley L. Kane, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Fredy Rolando Martinez–Gomez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

◼ Substantial evidence supports the BIA's denial of asylum and withholding of removal because the threats Martinez–Gomez received did not rise to the level of persecution, *see Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (unfulfilled threats, without more, generally do not constitute past persecution), and Martinez–Gomez failed to show his grandfather's murder supported his own claim for asylum or withholding of removal, *see Wakkary v. Holder,* 558 F.3d 1049, 1060 (9th Cir.2009) (requiring a showing that harm to others was "part of 'a pattern of persecution closely tied to'" petitioner himself). Martinez–Gomez' fear of future persecution based on gang activity in Guatemala is not on account of a protected ground. *See Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

Martinez–Gomez fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues

ed by 9th Cir. R. 36–3.

not specifically raised and argued in a party's opening brief are waived).

Finally, Martinez–Gomez's contention that the BIA failed to fully consider his case is belied by the record.

**PETITION FOR REVIEW DENIED.**